## Petition of St. George's Church.

*Trusts and trustees—Death of trustee—Appointment of successor—Church property—Act of April 14, 1828, P. L. 453—Qualification of petitioner—Pleading—Conclusion of law—Sufficiency of answer.*

1. An answer to a petition must not only be responsive but must also aver facts and not conclusions of law. The respondent must meet by his answer all the material facts averred in the petition, and it is for the court and not for the respondent to determine the law upon the facts averred.

2. The Act of April 14, 1828, P. L. 453, authorizing and empowering the court to appoint trustees in all cases of vacancies in consequence of the death of a trustee, on application of the cestui que trust, "or other person or persons interested in the execution thereof," is still in full force and effect, and applicable in cases of vacancies caused by death of the trustee of church property as well as other property in cases within the language of the act.

3. A petition by two members of the congregation of a church praying for the appointment of trustees in the place of a former trustee who has died, avers sufficient facts to give the court jurisdiction under the Act of April 14, 1828, P. L. 453, for the appointment of trustees as successors to the deceased trustee, where such petition substantially alleges that a number of tracts of land were purchased by the congregation of the church and the title was taken in the name of a certain designated trustee in trust for the uses and purposes of the said congregation; that such trustee has died; and that the congregation authorized petitioners to file a petition in its name to have trustees appointed in the place and stead of the deceased trustee.

4. In such case the answer of the respondent is insufficient where it avers that the resolution set forth in the petition does not show that the meeting of the congregation authorizing the appointment of trustees was such a meeting as is required by law to be held for the purpose of effecting the object sought to be effected by

such resolution, where there is no averment of facts setting
forth in what respect the meeting did not comply with the law.

5. Two members of the congregation of a church are such "per-
sons interested in the execution of the trust" as may, under the
Act of April 14, 1828, P. L. 453, petition the court for the appoint-
ment of a trustee of the church property where the trusteeship is
vacant on account of the death of the former trustee, and it is
immaterial whether or not there had been a congregational meet-
ing authorizing such petition.

Argued Feb. 16, 1914. Appeal, No. 102, Jan. T., 1913,
by respondent, from decree of C. P. Schuylkill Co., July
T., 1912, No. 69, appointing Trustees on Petition of St.
George's Lithuanian Roman Catholic Church of Shenan-
doah, for the appointment of William Dunzilla, Adolf
P. Tabor, Joseph Lauraitis, Joseph Abraczinskas and
Andrew Karpowsky, as Trustee for said Congregation
in place and stead of the Most Reverend Patrick John
Ryan, Deceased. Before FELL, C. J., MESTREZAT, POT-
TER, ELKIN and MOSCHZISKER, JJ. Affirmed.

Petition for appointment of trustees. Before BRUMM,
J.

The opinion of the Supreme Court states the facts.

The court appointed the trustees as prayed for in the
petition. The Most Reverend Edmond Francis Prender-
gast, Archbishop of Philadelphia, appealed.

*Error assigned* was the decree of the court.

*George M. Roads,* and *A. A. Hirst,* with them *W. F.
Lyons,* for appellants.

*Otto E. Farquhar,* and *A. L. Shay,* with them *C. E.
Berger,* for appellee.

OPINION BY MR. JUSTICE MESTREZAT, March 9, 1914:

This was a petition presented under the Act of April
14, 1828, P. L. 453, for the appointment of a trustee in

the place of a former trustee who has since died. Substantially the petition alleges (a) that a number of tracts of ground were purchased by the congregation of St. George's Lithuanian Roman Catholic Church of Shenandoah and the title was taken in the name of The Most Reverend Patrick John Ryan in trust for the uses and purposes of the said congregation; (b) that said trustee is dead; and (c) that the congregation authorized its president and secretary to file a petition in its name to have trustees appointed in the place and stead of the deceased trustee. A rule was granted on Archbishop Prendergast, the successor of Archbishop Ryan, to show cause why the parties named in the petition should not be appointed trustees of the property in the place of the deceased trustee. Archbishop Prendergast filed an answer to the petition and rule and, for the reasons therein stated, prayed that the petition be dismissed. The learned court below in an elaborate opinion entered a decree making the appointments as prayed for in the petition, and from that decree we have this appeal.

We think the petition averred sufficient facts to give the court jurisdiction under the Act of 1828 to appoint trustees as successors to the deceased trustee. It sufficiently described the property and averred all necessary facts to bring it within the act which authorizes and empowers the court to appoint trustees in all cases of trust in consequence of the death of a trustee, on application of the cestui que trust, "or other person or persons interested in the execution thereof." Regardless of the question raised by the appellant as to whether the petitioners represent the cestui que trust or not, the two members of the congregation who signed the petition are manifestly persons interested in the execution of the trust, and therefore are authorized under the statute to make the application for the appointment of a trustee. For more than half a century since the passage of the Act of 1855, the Act of 1828 has been regarded by the profession and the courts as in full force

and effect, and applicable in cases of vacancies caused by death of a trustee of church property as well as of other property in cases within the language of the act.

It is a settled rule of pleading in this State that an answer to a petition must not only be responsive but must also aver facts and not conclusions of law. The respondent must meet by his answer all the material facts averred in the petition, and it is for the court and not for the respondent to determine the law upon the facts averred. This principle of pleading is so well established as not to need the citation of authorities to sustain it. Applying this rule of practice in the present case, the answer of the respondent is manifestly insufficient. It avers that the resolution set forth in paragraph seventh of the petition does not show that the meeting of January 14, 1912, was such a meeting as is required by law to be held for the purpose of effecting the objects sought to be effected by the said resolution. This is a conclusion of law and not an averment of facts from which the court may determine the law. As observed by the learned court below in its opinion: "The answer filed by Archbishop Prendergast does not set out in what respect the meeting of the fourteenth of January, 1912, was not such a meeting as could legally act in the matter of the appointment of a new trustee. It gives only a legal opinion without giving any facts upon which that opinion is based, whereas the legality of the meeting must be determined by the facts." As we have already determined, the petition is sufficient to confer jurisdiction on the court to appoint trustees, and the answer should have averred facts from which the court could have determined the issue between the parties. In fact, it was immaterial whether there had been a congregational meeting authorizing the petition or not, as the act of assembly empowers any person interested in the trust to present the petition for the appointment of trustees. Here, the two parties who signed the petition are

clearly "persons interested in the execution of the trust."

We need not, and do not, determine whether Archbishop Prendergast has any standing to object to the proceeding or the appointment of trustees, as we are of opinion that the facts, sufficiently averred in the petition, have not been met by a proper answer.

Decree affirmed.